# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHWESTERN DIVISION

| | |
|---|---|
| JANET L. WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 05-5135-CV-SW-JCE-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Act, 42 U.S.C. § 401 et seq., and supplemental security income benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

### Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on

the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).   When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.  The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

Discussion

Plaintiff was 49 years old at the time of the hearing before the ALJ. She alleges that she is disabled because of physical and mental problems. Plaintiff has a high school education with some college. She has past relevant work as a billing clerk.

The ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability. The ALJ found that, based on the totality of the evidence, plaintiff's "severe" impairments were: "degenerative joint disease (status post knee replacement); diabetes; major depression; and obesity." [Tr. 20]. She also stated that the impairments that were not severe were: "degenerative disc disease; scoliosis; hammer toe; status post repair; high blood pressure; supraventricular tachyarrhythmia; sleep apnea; and anxiety disorder." [Id.]. It was the ALJ's finding that these medically determinable impairments did not meet or equal one of the listed impairments. She also found that plaintiff was not totally credible. The ALJ found that plaintiff retained the residual functional capacity ["RFC"] to perform work at the sedentary exertional level, with a sit/stand option at 30 to 60 minute intervals. It was her finding that plaintiff should avoid exposure to unprotected heights and dangerous moving machinery, and should not perform commercial driving. It was also her finding that she is limited to walking and standing on level surfaces, should avoid extreme vibrations, and cannot perform work involving complex job instructions or perform skilled work. She found that she could perform work involving simple to detailed job instructions, and unskilled or semi-skilled work. Therefore, the ALJ found that plaintiff is not under a disability as defined by the Act and that her impairments did not prevent her from performing her past relevant work as a billing clerk.

3

Case 3:05-cv-05135-JCE   Document 13   Filed 09/29/06   Page 3 of 9

At the hearing before the ALJ, plaintiff testified that she had gained about 70 pounds over the last year and a half, which she thought was probably from depression. She stated that she occasionally has had to use a cane after her knee replacement. She would need to use it when her back is extremely painful and causes her legs to be numb. She drove to the hearing and usually does drive to appointments or on errands. Plaintiff testified that she has severe drowsiness as a result of the medicine she takes, particularly for pain. She has told this to her doctor, who just told her to be careful. Plaintiff testified that she felt she was not able to work because of severe muscle spasms all over the midsection, and severe pain in her low back. She has that pain daily, which is throbbing, and occasionally goes down both legs. That happens at least three times a week, for two or three hours. She has numbness in her legs about three times a week for a couple of hours. She usually has to lie down to ease the pain. In an average day, she would have to lie down or recline her feet above waist level for pain relief for three to four hours a day. She can sit about 20 minutes and stand about 10 minutes, and walk less than half a block. Plaintiff testified that she has muscle spasms daily for about 10 to 15 minutes. She stated that her back problem has been severe for a couple of years. Regarding her knee, it still swells and is still painful. She had tried all kinds of treatment for her knee through the years. She also has problems sleeping from the pain, and has been diagnosed with sleep apnea. The pain causes her to be fatigued during the day. Plaintiff testified that she has been treated for depression, which has been a problem for about two years; she is irritable, angry, yells, and has tantrums for no apparent reason. She is on medication, which helps, and she feels better. On her bad days, she spends most of the day lying down; these occur maybe twice a week. She does very little housework; does not do the major shopping; she does watch TV and read; and she did take care

of her disabled husband, but now the pain and muscle spasms are so bad that she has to have help.  Plaintiff testified that the back pain, knee pain, and depression are the conditions she thinks are disabling.

Plaintiff contends that the ALJ improperly determined her RFC; that she failed to conduct a proper credibility analysis; and that she improperly found that she could perform her past relevant work.

A review of the record indicates that plaintiff has adult onset diabetes, a history of hypertension, hypothyroidism, hypercholesterolemia, and has been diagnosed with supraventricular tachyarrhythmia, for which she takes medication. She also has sleep apena.  She has a history of back, neck, shoulder, and generalized joint pain. She also suffers from depression, for which she takes Zoloft and Risperdal.   Plaintiff underwent a consultative examination on January 21, 2004, complaining mainly of osteoarthritis and depression.  Dr. Hughes gave credence to her complaints of pain and found that she was limited to sedentary work. In November of 2004, after complaints of knee pain and an assessment of degenerative joint disease, plaintiff underwent a total knee replacement.  After the surgery, she received physical therapy, but continued to complain of knee pain and generalized joint pain throughout her body.

The ALJ consulted a vocational expert, and presented a hypothetical that included her medical impairments, which would  preclude her from performing no more than sedentary work. The ALJ stated that the sedentary work was "secondary to the arthritis, the knee replacement, as well as obesity." [Tr. 53].  She then delineated additional restrictions regarding exposure to heights, machinery, and commercial driving, which were "secondary to possible decreased

5

mobility and fluctuation in blood sugar." [Tr. Id.]. The ALJ also included certain mental limitations, including simple to detailed work instructions, unskilled or semi-skilled work, which were "secondary to depression and possible distraction from medical conditions and symptoms including pain." [Id.]. She indicated that because of plaintiff's orthopedic conditions, she needed to have an even surface to walk and stand, with no exposure to extreme vibration. Based on this hypothetical, the vocational expert opined that past work as a billing clerk would be available. The ALJ also added a sit/stand option, because of an orthopedic impairment, at 30 to 60 minute intervals, which would involve merely changing positions at the work station. The vocational expert responded that although the Dictionary of Occupational Titles ["DOT"] does not address this part of the hypothetical, in reliance on his professional experience and 20 years of job placement, analysis, modification, and placement of individuals, as well as visits to job sites, this would not change his opinion that plaintiff could perform her past work as a billing clerk.

Regarding the credibility analysis, the ALJ noted that the medical records and clinical findings did not support plaintiff's assertions that she was disabled. She noted that x-rays only showed mild degenerative changes, and examinations had been "relatively unremarkable." [Tr. 21]. The ALJ observed that State Agency physicians had opined that she could perform work at the light exertional level, but that she relied on the opinion of the consulting examiner, Dr. Hughes, who felt that plaintiff was limited to sedentary work. It was also noted that plaintiff has been helped with medication and treatment, and that she has a poor work history. Despite the fact that the ALJ found plaintiff not to be fully credible, she gave her "the benefit of the doubt in assessing her residual functional capacity." [Tr. 21]. Therefore, she limited her to work at the sedentary level "secondary to her arthritis, knee replacement surgery, and obesity." [Tr. Id.]. She

6

Case 3:05-cv-05135-JCE   Document 13   Filed 09/29/06   Page 6 of 9

also limited her to a sit/stand option at 30 to 60 minute intervals and other limitations, as previously set forth in this order. Regarding plaintiff's mental abilities, the ALJ found that she was mildly limited in her activities of daily living and in maintaining social functioning, and moderately limited in her ability to maintain concentration, persistence, or pace.

Having fully reviewed the record, the Court finds that there is substantial evidence in the record to support the ALJ's credibility findings. In evaluating a claimant's allegations, the ALJ must consider, in addition to the objective medical evidence, the Polaski factors. These include prior work history, daily activities, duration and intensity of pain, effectiveness and side effects of medication, aggravating factors, and functional restrictions. Bowman v. Barnhart, 310 F.3d 1080, 1083 (8th Cir. 2002). The ALJ's opinion states that she evaluated plaintiff's subjective complaints under the proper Polaski standards. The law is clear that credibility determinations are primarily for the ALJ to decide. Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001). In this case, the ALJ stated that she gave plaintiff "the benefit of the doubt," [Tr. 21], and found that she was could only perform a limited range of sedentary work, despite the fact that she found a lack of medical evidence to support plaintiff's complaints of wholly disabling pain. Specifically regarding her back pain, the ALJ relied on the fact that x-rays of her cervical and lumbar spine showed only mild degenerative changes and minimal spondylitic changes. An MRI of her spine was found to be essentially unremarkable. She also noted that she had been helped with medication and treatment, during the time period in consideration. "For example, the claimant [sic] depression had responded well to treatment and the claimant's pain has been helped with pain medications." [Tr. 21]. The ALJ also took into account plaintiff's poor work history. The ALJ noted that no doctor who examined plaintiff had indicated that her

impairments were disabling. She considered the record as a whole, including plaintiff's testimony. After a full review, the Court concludes that the ALJ's credibility findings are supported by substantial evidence on the record as a whole.

Plaintiff also contends that the ALJ's findings regarding her RFC and ability to perform her past relevant work were in error. A full review of the record leads the Court to the conclusion that there is substantial evidence in the record as a whole to support the ALJ's decision regarding plaintiff's RFC and her ability to perform her past relevant work as a billing clerk. Plaintiff contends that her primary complaints are knee pain, back pain, and depression. The ALJ considered plaintiff's testimony, the medical records, and the observations of other medical sources in determining the RFC. Her knee and back conditions impairments were clearly taken into consideration in terms of limited sedentary work, with a sit/stand option at 30 to 60 minute intervals, other functional restrictions, and mental limitations. Based on a thorough review of the record as a whole, the ALJ found that plaintiff had the RFC to perform sedentary work, reduced by the limitations that have been delineated herein. The Court finds that the RFC finding is supported by substantial evidence in the record.

The ALJ also consulted a vocational expert in establishing the RFC for limited sedentary work, and specifically set forth the reasons for the work-related limitations she imposed. The vocational expert testified that the billing clerk position was performed at the sedentary exertional level, and also testified that this job was semi-skilled work. Although the testimony of the vocational expert was not required to prove that plaintiff could perform her past relevant work, the expert assisted in developing the requirements of that work. Plaintiff argues that the duties of a billing clerk require the ability to reason at a level four, which would exceed the

requirements of semi-skilled work.  A careful review indicates however, that the DOT classifies the overall specific vocational preparation ["SVP"] level of billing clerk as a four, and that an SVP of three to four corresponds to semi-skilled work.  Having fully reviewed the record, the Court finds that the hypothetical question posed to ALJ included the impairments she found credible, which were supported by the record., and that there was substantial evidence in the record to support the finding regarding plaintiff's RFC.  Based on the record as a whole, the ALJ concluded that plaintiff was not precluded from performing her past relevant work as a billing clerk.  In summary, the Court finds that there was substantial evidence in the record to support this finding.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole, Pelkey v. Barnhart, 433 F.3d 575, 577-78 (8th Cir. 2006), and that plaintiff has failed to meet her burden of proving that she has an impairment that precludes her from engaging in substantial gainful activity.  The ALJ's findings that plaintiff was not disabled and could perform her past relevant sedentary work as a billing clerk are adequately supported by the record.  Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary should be, and it is hereby, affirmed.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date:     9/29/06